IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60332
Summary Calendar

_____

CURTIS CURRY,

Plaintiff-Appellant,

versus

JAMES ANDERSON; WALTER BOOKER; MICHAEL DAVES;
Lieutenant COX; Lieutenant RHODES; SANDRA SIMON;
DAMELA ROBINSON; JAMES RICKER; EVELYN P. JOHNSON;
LINDA JONES; JOAN ROSS; CO-1 ROACH; ANN LEE;
JOHN DOE, II; GREGORY NEELY; MAUD IRBY; JOHN
DOE, III,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:98-CV-217-D-A
---------------------
March 14, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Curtis Curry, Mississippi prisoner # 81606, challenges the district court's *sua sponte* dismissal of his civil rights complaint for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).  Review of a dismissal for failure to state a claim is *de novo*.  Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).  Curry asserts that the searches of his cell and seizures of his property were not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conducted in compliance with Mississippi Department of Corrections (MDOC) procedures, that he did not have a full quorum of disciplinary classification committee members present at his hearings under MDOC policies, and that the proper official did not review his appeal under MDOC policies.  An allegation that prison officials failed to follow prison policy, without more, does not state a constitutional cause of action.  Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).  Curry has failed to show that the searches of his cell were unreasonable, because prisoners do not enjoy Fourth Amendment privacy rights in their cells.  Hudson v. Palmer, 468 U.S. 517, 526 (1984).  Curry has also not shown that the committee members overseeing his disciplinary hearings were not fair and impartial or that he was denied any right to appeal the decision of the disciplinary committee.

Curry asserts that the evidence was insufficient to find that he had violated prison rules.  The standard of review "is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985).  In both instances, "'some facts'" existed to support a finding that Curry was guilty of the rules violations. See Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir. 1986) (citation omitted).

Curry also maintains that he was not provided with written reasons for judgment, as is required under Wolff v. McDonnell, 418 U.S. 539 (1974).  The requirements of McDonnell apply if a

prisoner loses good-time credits as a result of the disciplinary action.  McDonnell, 418 U.S. at 563-66.  Curry did not lose good-time credits, and his punishments of lost visits and privilege days are not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted).  Because this punishment does not affect the duration of his sentence, neither prison regulations nor the Due Process Clause affords Curry a protected liberty interest entitling him to the procedural protections of McDonnell.

The district court's dismissal of Curry's complaint for failure to state a claim on which relief can be granted is AFFIRMED.  This affirmance of the district court's dismissal counts as one strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).

AFFIRMED.