IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60357
Conference Calendar
_____

BERNARD C. RHEM,

                                        Plaintiff-Appellant,

versus

MARION COUNTY SHERIFF DEPARTMENT;
RICHARD STRINGER, Sheriff; MARION
COUNTY BOARD OF SUPERVISORS; FLOYD
MOORE, Supervisor; LLOYD FORTENBERRY,
Supervisor; JOHNNY GLEN STRINGER;
BILLY RAY MCKENZIE, Supervisor; CALVIN
NEWSOM; "UNKNOWN" BEDWELL, Inmate Trustee;
KELVIN LOAFTEN, State Inmate; ALL DEFENDANTS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:98-CV-362-PG
--------------------
June 14, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Bernard C. Rhem, Mississippi prisoner #75896, appeals the
district court's dismissal for failure to state a claim,
pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), of his pro se, in
forma pauperis (IFP) 42 U.S.C. § 1983 civil rights complaint
against the Marion County Sheriff's Department, Sheriff Richard

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Stringer, the Marion County Board of Supervisors, five members of the Marion County Board of Supervisors, inmate Kelvin Loaften, and inmate trusty "Bedwell."  In his complaint, Rhem averred that he was beaten by fellow inmates and that the defendants failed to prevent the attack and failed to provide timely medical treatment.  We have reviewed the record and the briefs on appeal and conclude that the district court did not err in dismissing the complaint for failure to state a claim upon which relief could be granted.  Black v. Warren, 134 F.3d 732, 733 (5th Cir. 1998); see  28 U.S.C. § 1915(e)(2)(B)(ii).

Rhem does not argue that the district court erred in dismissing the claims against Loaften and trusty Bedwell on the basis that they were not state actors, and he does not address the district court's dismissal of the claims against the Marion County Sheriff's Department.  Thus, he has abandoned the issues on appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The district court did not err in finding Rhem's claim that he was denied adequate medical treatment to be without merit in light of the record and Rhem's testimony at the Spears[**] hearing that Rhem was transported and treated within a short time after he was attacked.  The district court also did not err in finding that Rhem failed to show that the Marion County Board of Supervisors had a policy or custom of denying medical care to pretrial detainees.

---

[**]  Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

The district court was correct in rejecting Rhem's failure-to-protect claim in light of the fact that (1) Rhem failed to show that any of the defendants were personally involved in the attack; (2) Rhem provided no evidence to suggest that the defendants were aware of facts from which they could infer that the other inmates presented a substantial risk of harm to him; and (3) Rhem failed to show that the Marion County Board of Supervisors had a custom or policy of failing to prevent pretrial detainees from harm.  The judgment of the district court is AFFIRMED.

As pointed out by the district court, the dismissal of the complaint for failure to state a claim counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  Rhem is cautioned that once he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal while he is imprisoned "unless [he] is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

AFFIRMED.