**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**No. 01-40455
Summary Calendar**

**DENNIS MITCHELL KADLEC,**

**Plaintiff-Appellant,**

**versus**

**ROY TONY GARCIA, Warden;
UNIDENTIFIED COOK, Captain,**

**Defendants-Appellees.**

**Appeal from the United States District Court
for the Eastern District of Texas
(6:00-CV-741)**

July 30, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Dennis Mitchell Kadlec, Texas prisoner # 791082, appeals, *pro se*, from the dismissal of his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) as frivolous and for failure to state a claim upon which relief may be granted. Kadlec asserts the prison officials were deliberately indifferent to his medical needs when they refused to provide him with a handicap shower.

A dismissal of an *in forma pauperis* action as frivolous under subsection (B)(i) is reviewed for abuse of discretion. *Black v. Warren*,

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

134 F.3d 732, 734 (5th Cir. 1998). A dismissal under subsection (B)(ii) for failure to state a claim is reviewed under the same *de novo* standard as is a dismissal under Federal Rule of Civil Procedure 12(b)(6). ***Id.*** Because the district court relied equally upon each rationale for dismissal, we review under the abuse of discretion standard.

A prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish a constitutional violation under the Eighth Amendment for indifference to medical needs. ***Norton v. Dimazana***, 122 F.3d 286, 291-92 (5th Cir. 1997). It is the opinion of the prison medical personnel that Kadlec does *not* require a handicap shower. The defendants, Warden Garcia and Captain Cook, are thus abiding by the medical personnel's instructions when they refuse to provide Kadlec with a handicap shower. In essence, Kadlec's complaint reflects his disagreement with the medical staff regarding what medical treatment he should receive. Because, as a matter of law, such complaints are insufficient to establish a constitutional violation, the district court did *not* abuse its discretion in dismissing Kadlec's complaint as frivolous. *See* ***id.***

The district court's dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See* ***Adepegba v. Hammons***, 103 F.3d 383, 387 (5th Cir. 1996). Kadlec is **WARNED** that if he accumulates three strikes, he may *not* proceed *in forma pauperis* in any civil action or appeal while he is incarcerated of detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

*AFFIRMED; SANCTIONS WARNING ISSUED*

2