IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60497
Conference Calendar

_____

LARRY PASCOE,

                                        Plaintiff-Appellant,

versus

BOLIVAR COUNTY REGIONAL CORRECTIONAL
FACILITY; TOMMY TAYLOR, Warden;
H.M. GRIMMETT, Sheriff of Bolivar County;
FRAZAL FREEMAN, Nurse,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:01-CV-16-P-B
--------------------
April 11, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

        Larry Pascoe, Mississippi prisoner # 57419, appeals the

district court's dismissal of his 42 U.S.C. § 1983 civil rights

lawsuit for failure to state a claim, pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).  The district court's dismissal is reviewed

de novo, accepting all of Pascoe's allegations as true.  See

Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Pascoe renews his claims that he received inadequate medical treatment as a pretrial detainee but also argues, for the first time on appeal, that Nurse Freeman denied him the right to see a physician and had him placed in lockdown, where he could not be reached quickly in case of medical emergency; that jail personnel are inadequately trained to respond to medical emergencies; and that the jail has inadequate policies for dealing with suicidal inmates. Because these claims were not presented to the district court, this court will not address them. See Shanks v. AlliedSignal, Inc., 169 F.3d 988, 993 n.6 (5th Cir. 1999); Burch v. Coca-Cola Co., 119 F.3d 305, 319 (5th Cir. 1997).

To the extent that Pascoe contends that Nurse Freeman was deliberately indifferent to his medical needs by prescribing him sleep medication to which he had an adverse reaction, he has alleged only negligence, which is insufficient to state a claim. See Stewart v. Murphy, 174 F.3d 530, 537 (5th Cir. 1999). To the extent that he argues that he was denied medical treatment after being found in a coma as a result of taking the sleep medication, his own allegation that he was immediately taken to the hospital defeats his claim. See Farmer v. Brennan, 511 U.S. 825, 847 (1994); Hare v. City of Corinth, Miss., 74 F.3d 633, 650 (5th Cir. 1996)(en banc). Pascoe's contention that jail officials were deliberately indifferent to his medical needs by precluding him from having surgery for his gallstones is similarly unavailing because he conceded that he received medication that has been effective in treating his stomach problems. His dissatisfaction with the treatment he received, medication

instead of surgery, is not actionable.  See Stewart, 174 F.3d at 537.

Pascoe has not demonstrated any error in the district court's judgment.  Accordingly, the judgment is AFFIRMED.  The district court's dismissal of the complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Pascoe is CAUTIONED that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED; THREE-STRIKES WARNING ISSUED.