IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-41478
Conference Calendar

---

THEODORE SIMMONS,

Plaintiff-Appellant,

versus

MARY GOTHCHER, Individually and in official
capacity; KENNETH BOWN, DR., Individually and
in official capacity; BELINDA KRIEG;
Individually and in official capacity;
JOHN HARRIS, Individually and in official
capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-390
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Theodore Simmons, Texas prisoner # 637798, appeals the
dismissal of his pro se, in forma pauperis (IFP) 42 U.S.C.
§ 1983 complaint as frivolous and for failure to state a claim.
In his complaint, Simmons averred that Mary Gotcher, Kenneth
Bown, and Belinda Krieg retaliated against him for filing a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

lawsuit by writing in his medical records that he had poor hygiene. Simmons also contended that one of the defendants, John Harris, a practice manager at the Michael Unit of TDCJ-ID, intercepted a letter that he had written complaining of the other defendants' retaliatory behavior.

Simmons does not argue that the district court erred in dismissing his claim against Harris. The issue is therefore waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Our review of the record and pleadings indicates that the district court did not err in dismissing Simmons' complaint as frivolous. See Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998). Because Simmons was not exhibiting good hygiene at the time the notations began to appear, he has failed to show that but for his lawsuit, the defendants would not have noted that he had poor hygiene. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Further, Simmons' claim that he was denied medical treatment is belied by the record. Simmons was repeatedly seen by the medical staff for his skin disorder.

Simmons' appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of Simmons' appeal as frivolous counts as a "strike" for the purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a

claim.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Additionally, Simmons garnered one "strike" when a previous 42 U.S.C. § 1983 suit was dismissed by the district court for failure to state a claim.  See Simmons v. Murphy, No. 01-40652 (5th Cir. April 25, 2002).  Simmons is informed that he has now accumulated three "strikes" under 28 U.S.C. § 1915(g) and that he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.