IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10345
Conference Calendar

_____

ANTHONY D. WILKES,

                                        Plaintiff-Appellant,

versus

RICHARD HULTS, Doctor;
GAIL ANDERSON,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:01-CV-155
--------------------
October 30, 2002
Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

     Anthony D. Wilkes, Texas state prisoner # 799333, argues

that the magistrate judge erred in dismissing as frivolous his 42

U.S.C. § 1983 complaint alleging that the defendants acted with

deliberate indifference to his serious medical needs.  The

district court must dismiss a prisoner's in forma pauperis (IFP)

civil rights complaint if the action is frivolous.  Black v.

Warren, 134 F.3d 732, 733 (5th Cir. 1998); see 28 U.S.C.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1915(e)(2)(B)(i); 28 U.S.C. § 1915A(b)(1).

Wilkes' responses to the questionnaire regarding the factual basis for his claim reflect that he received continual medical examinations and treatment for his ear infection. His allegations that he disagreed with the prescribed medical treatment because it did not cure his ear infection raised a medical malpractice claim at best. Such allegations do not reflect deliberate indifference and, thus, do not rise to the level of a constitutional violation. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

The magistrate judge did not abuse her discretion in dismissing Wilkes' complaint as frivolous. Because Wilkes' appeal is without arguable merit, it is DISMISSED as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of the instant appeal as frivolous and the district court's dismissal of Wilkes' 42 U.S.C. § 1983 complaint as frivolous each count as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Wilkes is warned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING GIVEN.