United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-31008
Summary Calendar

---

RODNEY WAYNE MACON,

Plaintiff-Appellant,

versus

WAYNE MILLUS; RICHARD L. STALDER; KERRY MCBRIDE,

Defendants-
Appellees.

-----------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1577
-----------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rodney Wayne Macon, Texas prisoner #093953, appeals from the dismissal of his 42 U.S.C.

§ 1983 lawsuit for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii). This court reviews such a dismissal under the same de novo standard as is

employed in reviewing dismissals under FED. R. CIV. P. 12(b)(6). See Black v. Warren, 134 F.3d

732, 733-34 (5th Cir. 1998). Under this standard, this court must assume that all of the plaintiff's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factual allegations are true.  The district court's dismissal may be upheld only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. See Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

Macon alleges that his due process rights were violated due to a disciplinary conviction that resulted in a sentence of extended lockdown and isolated confinement for ten days.  His disciplinary punishment does not implicate a liberty interest protected by the Due Process Clause.  See Sandin v. Conner, 515 U.S. 472, 483-84, 486-87 (1995).

Accordingly, the district court's judgment is AFFIRMED.  The district court's dismissal of Macon's lawsuit for failure to state a claim upon which relief may be granted counts as a "strike" under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996); 28 U.S.C. § 1915(e)(2)(B)(ii).  Macon is CAUTIONED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; THREE-STRIKES WARNING ISSUED.