United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2003

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-41666
Summary Calendar

CECIL C. JONES, JR.,

Plaintiff-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
GARY L. JOHNSON; JOSEPH K. PRICE,

Defendants-
Appellees.

------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CV-63
------------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cecil C. Jones, Jr., Texas prisoner # 425998, filed a civil rights complaint pursuant to 42

U.S.C. § 1983 alleging that various prison and governmental officials had violated his constitutional

right of access to the courts by their concerted actions which, Jones alleges, resulted in the dismissal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his 28 U.S.C. § 2254 petition.  The district court dismissed Jones's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and Jones now appeals.

After conducting a de novo review of the record, see Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998), we can discern no error in the district court's finding that Jones failed to state a claim of the denial of access to the courts.  Because Jones was able to file his 28 U.S.C. § 2254 petition, he cannot establish the actual injury necessary to prevail on a denial-of-access-to-the-courts claim.  See Lewis v. Casey, 518 U.S. 343, 351 (1996); Brewer v. Wilkinson, 3 F.3d 816, 820-21 (5th Cir. 1993).  Moreover, the district court acted within its authority in dismissing Jones's complaint before having submitted the case to a jury.  See 28 U.S.C. § 1915A.

Any arguments presented by Jones pertaining directly to the dismissal of his 28 U.S.C. § 2254 petition are not properly before this court.  This appeal is without merit and is frivolous.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, the appeal is DISMISSED.  See 5TH CIR. R. 42.2.

The district court's dismissal of Jones's complaint for failure to state a claim and this court's dismissal of his appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g).  Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Jones is warned that if he accumulates three "strikes" under 28 U.S.C. § 1915(g) he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.