**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-41238
Summary Calendar

JEROME BLACK,

Plaintiff-Appellant,

VERSUS

J.L. WARREN, Disciplinary Captain; K. HARBIN, CO III,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas

February 18, 1998

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:

Jerome Black, Texas prisoner #634349, appeals the district court's dismissal of his civil rights claims as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Black argues that the district court erred in dismissing his claims of due process violations during a disciplinary hearing pursuant to *Sandin v. Conner*, 515 U.S. 472 (1995). He contends that Texas created a liberty interest by enacting certain Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) procedural rules

1

governing prison disciplinary hearings. He also argues that no evidence supported the disciplinary action taken against him.

The Prison Litigation Reform Act (PLRA) amended § 1915 to require the district court to dismiss *in forma pauperis* (IFP) prisoner civil rights suits if the court determines that the action is frivolous or malicious or does not state a claim upon which relief may be granted. § 1915(e)(2)(B)(i) & (ii); *see also*, § 1915A(b)(1). The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6). We will therefore employ the same *de novo* standard to review the § 1915(e)(B)(ii) dismissal as we use to review dismissal pursuant to 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1485, 1489-90 (11th Cir. 1997); *accord McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996). As to the dismissal pursuant to § 1915(e)(2)(B)(i), we review a determination by a district court that a case is frivolous for abuse of discretion. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint is frivolous if it lacks an arguable basis in law or fact. *Id.*

We have reviewed the record and find neither error nor abuse of discretion in the reasoning of the district court as to Black's claim of a due process violation because he did not receive advanced written notice of the charge. *Black v. Warren*, No. 9:96-CV-359 (E.D.Tex. Oct. 28, 1996). Black has not demonstrated plain error with respect to his contention, raised for the first time in this appeal, that he was deprived of due process because he was not

2

allowed to present documentary evidence or to call witnesses at the hearing. *See Robertson v. City of Plano, Tex.*, 70 F.3d 21, 23 (5th Cir. 1995); *Sandin*, 515 U.S. at 484-85.

Assuming TDCJ-ID procedural rules regarding notice and the right to call witnesses and present documentary evidence were violated, Black has not shown that such errors rise to the level of a constitutional due process claim. *See Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989). Even if a constitutional liberty interest is implicated by Black's challenge to the disciplinary decision on the ground that no evidence supports the charge, the record reveals that "some evidence" supports the charge. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

AFFIRMED.