IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40223
Conference Calendar

_____

WILLIAM L. FOSTER,

Plaintiff-Appellant,

versus

EDDIE WILLIAMS, Security Warden;
KEITH GORSUCH, Lieutenant;
PAUL GOMEZ, Correctional Officer III,
Mark Stiles Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CV-715
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

William Lee Foster (TDCJ # 543205) appeals the dismissal of

his pro se and in forma pauperis (IFP) civil rights complaint for

failure to state a claim and as frivolous. See 28 U.S.C.

§ 1915(e)(2)(B)(i) & (ii). Foster alleged in the complaint that

the defendants caused him to contract an unknown skin disease by

forcing him to sit on the unclean floor of the dayroom at TDCJ's

Stiles Unit with other HIV positive inmates. Foster argues that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the magistrate judge erred by determining that he failed to state an Eighth Amendment claim because he had not demonstrated that the defendants knowingly exposed him to a substantial risk of serious harm.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). "[T]he official must both be aware of facts from which the inference could be drawn . . . and he must also draw the inference." Id.

Foster has not shown that the defendants were aware that they were exposing him to a substantial risk of serious harm by requiring him to sit on the floor in the dayroom. Foster also has failed to show that he was "denied" the grievance procedure with regard to his Eighth Amendment claim. The judgment of the district court is AFFIRMED. See Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).

AFFIRMED.