**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-41014
Summary Calendar

DANIEL LEE KNOD, SR.,

Plaintiff-Appellant,

VERSUS

CITY OF SEVEN POINTS; P FERRERA, Officer, Seven Points
Individually and in official capacity; R RENEAU, Officer,
Seven Points Individually and in official capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-324

July 12, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

Daniel Lee Knod, Sr., Texas prisoner number 805621, appeals

*pro se* the dismissal of his 42 U.S.C. § 1983 (1994) complaint for

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

failure to state a claim.  We affirm.

**FACTS AND PROCEDURAL HISTORY**

Knod alleged that police officers of the City of Seven Points interfered with his attempts to visit his children pursuant to a valid custody order.  In a civil rights complaint filed in June 1999, Knod named as defendants the City of Seven Point and police officers  P.  Ferrera  and  R.  Reneau  whom  he  sued  in  their "individual, official and municipal capacities."

Knod's complaint alleged that "on several occasions between 6-12-97 and 9-29-97 [he] went to the home of Claude Anthony Bess . . . to visit [Knod's] children according to a court order."  The Besses, who apparently had custody of the children, refused to allow Knod to visit them and called the police.  The officers responded to the calls, ordered Knod to leave the Besses' property, and threatened to arrest him if failed to do so.  Knod asserted that he showed the officers court orders allowing him to visit the children, but the officers refused to honor the court orders. Knod claimed the defendants conspired to conceal his children, denied him due process, intentionally interfered with his visitation rights and intentionally inflicted of emotional injury.  He requested compensatory and punitive damages.

Without ordering service upon the defendants, the magistrate judge issued a report and recommendation that the lawsuit be dismissed as frivolous under 28 U.S.C. § 1915(d), without prejudice

to refiling in state court, because Knod had failed to state a claim on which relief could be granted. The magistrate judge held that Knod's remedy for any denial of his rights lay in the Texas state courts and she detailed the provisions of Texas law providing relief. Knod filed objections. The district court adopted the report and recommendation and dismissed Knod's suit for failure to state a claim, but ordered that the dismissal of this case not be counted as a strike for purposes of 28 U.S.C. § 1915(g).

## DISCUSSION

We review a dismissal as frivolous for abuse of discretion and dismissal for failure to state a claim *de novo*. *See Black v. Warren*, 134 F.3d 732, 733 (5th Cir. 1998).

Liberally construing Knod's *pro se* pleadings, we discern Knod's primary constitutional claim to be that he was denied procedural due process because the defendants failed to comply with court orders regarding visitation with his children. The Supreme Court has held that a procedural due process claim lacks merit where there exists an adequate state court remedy. *See Parratt v. Taylor*, 451 U.S. 527 (1981). A Texas law remedy exits for the very situation about which Knod complains. The Texas Family Code expressly provides that persons who interfere with visitation may be liable in damages and sets out the means by which a lawsuit may be brought in state court. *See* TEX. FAM. CODE ANN. art. 42.001-42.003 (Vernon 1996). Knod has failed to show that Texas state law

3

remedies for interference with visitation are inadequate.

The district court also construed Knod's complaint as asserting a substantive due process claim. To succeed on a substantive due process claim, a plaintiff must show that "'the behavior of the government officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Morris v. Dearborne*, 181 F.3d 657, 668 (5th Cir. 1999), quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). Nothing in Knod's pleadings suggests that the defendants used excessive force or any other tactic that would shock the contemporary conscience when they were called to mediate this family dispute.

Based on the foregoing, we affirm the dismissal of Knod's § 1983 action.

AFFIRMED.

4