IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21097
Conference Calendar

_____


LAWRENCE J. BALTIMORE,

                                        Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2549
- - - - - - - - - -
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lawrence J. Baltimore, Texas prisoner # 410781, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915. He argues that the district court erred in dismissing his complaint in light of the factual disputes and that the actions of the appellee's employees violated the Americans with Disabilities Act (ADA).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court shall dismiss a prisoner's <u>in forma pauperis</u> civil rights complaint if the court determines that the action is frivolous or fails to state a claim upon which relief may be granted. <u>Black v. Warren</u>, 134 F.3d 732, 733 (5th Cir. 1998); <u>see</u> 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), respectively.

The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement. <u>Meachum v. Fano</u>, 427 U.S. 215, 225 (1976). Further, a prisoner has no constitutional right to be housed in any particular facility. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 244-45 (1983). The placement of Baltimore in close confinement or the restriction of commissary privileges as a result of the disciplinary hearings did not violate a protected liberty interest. <u>Sandin v. Conner</u>, 515 U.S. 472, 485 (1995). Baltimore's refusal to work amounted to a disagreement with his medical classification, which is not cognizable in a 42 U.S.C. § 1983 action. <u>Wilson v. Budney</u>, 976 F.2d 957, 958 (5th Cir. 1992). Finally, as there was no evidence that Baltimore was to be housed in a handicapped facility, even if the ADA applies in this case, Baltimore cannot show that his housing selection violated the ADA. The judgment of the district court is

AFFIRMED.