IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60568
Conference Calendar
_____

CHARLIE TAYLOR,

Plaintiff-Appellant,

versus

LUTHER T. BRANTLEY, III,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CV-222
--------------------

February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Charlie L. Taylor, Mississippi prisoner # R6798, filed an in
forma pauperis (IFP) complaint under 42 U.S.C. § 1983 alleging
that the Executive Director of the Mississippi Commission on
Judicial Performance wrongly dismissed complaints filed against
the state judge presiding over Taylor's convictions.  The
district court dismissed the complaint as frivolous under 28
U.S.C. § 1915(e)(2)(B)(i).  The district court found that
Taylor's complaint did not allege a violation of the federal

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

constitution and was premature under <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).  The district court's dismissal as frivolous of Taylor's complaint was not an abuse of discretion.  <u>Black v. Warren</u>, 134 F.3d 732, 733 (5th Cir. 1988); <u>Norton v. Dimazana</u>, 122 F.3d 286, 291 (5th Cir. 1997).  We hold that the appeal is without arguable merit, and it is DISMISSED AS FRIVOLOUS.  <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

Taylor filed a motion seeking to supplement the record with matter irrelevant to the appeal.  The motion is DENIED.

Taylor has accumulated one strike in <u>Taylor v. Noblin</u>, No. 60698 (5th Cir. Feb. 19, 2002)(unpublished).  The dismissals of this complaint and appeal count as two more strikes for purposes of 28 U.S.C. § 1915(g).  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996).  Taylor may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED; SANCTIONS IMPOSED.