IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21106
Summary Calendar

_____

ROGER LEE DICKERSON,

Plaintiff-Appellant,

versus

OFFICER JORDAN, Correctional Officer III;
C. PRICE, Major; WARDEN F. FIGUEROA;
BILL LEWIS; GARY L. JOHNSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-4324
--------------------
March 26, 2002

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roger Lee Dickerson, Texas prisoner # 371312, appeals the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915(e)(2)(B). He asserts that Officer Jordan's seizure of legal documents from his cell resulted in a denial of access to the courts. As Dickerson has failed to allege an actual injury, he cannot prevail on his access-to-the-courts claim. See Lewis v. Casey, 518 U.S. 343, 349-51 (1996).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dickerson contends that Jordan violated prison policy regarding searches of prisoner legal materials. An allegation that prison officials failed to follow prison policy, without more, does not state a constitutional cause of action. Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

Dickerson maintains that Jordan's actions were motivated by earlier complaints about Jordan's conduct. Such a claim of retaliation is without merit, as Dickerson has failed to "allege a chronology of events from which retaliation may plausibly be inferred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Dickerson's subjective belief that Jordan was motivated by retaliation is insufficient to support the claim. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997).

Dickerson has failed to challenge the district court's dismissal of his claims against the other supervisory defendants. Issues that are not briefed on appeal are deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Dickerson has failed to show that the district court erred in dismissing his civil rights lawsuit. See Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). Consequently, the judgment of the district court is AFFIRMED.