IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20132
Summary Calendar
_____

ALEX MELVIN WADE, JR.,

Plaintiff-Appellant,

versus

ADRIAN THOMAS, Lieutenant; JAMIE UBANIA; JUDITH DOLPP,
Corrections Officer III; PATRICK MCDERMOTT, Lieutenant;
BILNOSKI, CUC; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; EDWARDO
CARMONA; THOMAS MERCHANT; ARRON HICKSON; GAYE L. HURST,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-2087
--------------------
September 19, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alex Melvin Wade, Jr., Texas prisoner #790470, appeals from

the district court's dismissal of his civil-rights lawsuit, filed

under 42 U.S.C. § 1983, as frivolous and for failure to state a

claim upon which relief may be granted, pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i), (ii).  This court reviews a dismissal as

frivolous for abuse of discretion.  See Taylor v. Johnson, 257

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

F.3d 470, 472 (5th Cir. 2001). A dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted is reviewed under the same de novo standard as a dismissal under FED. R. CIV. P. 12(b)(6). See Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). Accordingly, we review Wade's claims under the de novo standard.

Wade argues that he was denied due process in his prison disciplinary hearing, which resulted in his assignment to a lower time-earning class. Because this punishment does not implicate a constitutional interest, he was not entitled to the higher standard of due process under Wolff v. McDonnell, 418 U.S. 539 (1974). See Sandin v. Connor, 515 U.S. 472, 486 (1995); Malchi v. Thaler, 211 F.3d 953, 958-59 (5th Cir. 2000)(28 U.S.C. § 2254 case). As there was no underlying due process violation, the supervisory defendants cannot be liable on that basis. See Becerra v. Asher, 105 F.3d 1042, 1047-48 (5th Cir. 1997).

Wade alleges that he was denied medical treatment and that Officer Judith Dolpp's failure to protect him from another inmate was caused by improper training or supervision. These claims fail because Wade has failed to show that the defendants acted with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Wade's claims of retaliation fail because he has not made a sufficient showing of retaliatory motive. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Similarly, Wade's claim under the Americans with Disabilities Act ("ADA")

fails because he has not shown that he was disabled for purposes of the ADA.  See Lightbourn v. County of El Paso, Texas, 118 F.3d 421, 428 (5th Cir. 1997).

Wade's claim that he was denied access to the courts fails because he has not alleged an actual injury.  See Lewis v. Casey, 518 U.S. 343, 351 (1996).  Furthermore, his interpretation of Bounds v. Smith, 430 U.S. 817 (1977), is patently frivolous. Accordingly, the district court's judgment is affirmed.

The district court's dismissal of this lawsuit as frivolous and for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Wade now has two strikes because a separate civil-rights lawsuit filed previously by Wade was dismissed as frivolous by the district court.  See Wade v. Rowe, No. H-99-1860 (S.D. Tex. Mar. 13, 2000).  We caution Wade that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED; THREE-STRIKES WARNING ISSUED.