United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 02-51232

Summary Calendar

———————————

R. WAYNE JOHNSON,

Plaintiff-Appellant,

versus

MATTHEW TEPPER,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Western District of Texas
(02-CV-656)

———————————

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

R. Wayne Johnson, Texas prisoner # 282756, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous. In his complaint, Johnson alleged that the defendant violated his constitutional rights by using his full first name when addressing correspondence to him.

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal Johnson argues that the district court erred in dismissing his complaint as frivolous because he has a First Amendment right to be identified as "R. Wayne Johnson." Johnson has not shown that the district court abused its discretion when it dismissed his complaint as frivolous.[1]

Johnson's appeal is without merit and is frivolous.[2] Accordingly, his appeal is DISMISSED as frivolous.[3]

Johnson is cautioned that the district court's dismissal of his complaint and this court's dismissal of his appeal count as two strikes against him for purposes of 28 U.S.C. § 1915(g).[4] Johnson is further cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.[5]

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.

---

[1] *See Black v. Warren*, 134 F.3d 732, 733 (5th Cir. 1998).

[2] *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

[3] *See* 5TH CIR. R. 42.2.

[4] *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

[5] *See* 28 U.S.C. § 1915(g).