United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41180
Conference Calendar

_____

BOBBY TUBBS,

Plaintiff-Appellant,

versus

DIANE LAW, Secretary; LISA GONZALES,
Secretary; JANIE COCKRELL, Director,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-137
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Bobby Tubbs, Texas prisoner # 743347, appeals the dismissal

of his civil rights action as frivolous and for failure to state

a claim upon which relief can be granted.  He contends that the

defendants delayed in depositing a check issued to Tubbs in his

prison account.  An intentional or negligent taking of a

prisoner's property survives a due process challenge if, as here,

an adequate postdeprivation remedy exists.  See Parratt v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Taylor, 451 U.S. 527, 541-44 (1981), overruled in part not relevant here, Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Tubbs also asserts that he is entitled to receive "reasonable Pro Se legal fees" and costs as a prevailing party under 42 U.S.C. § 1988, because his lawsuit was the "catalyst" for receiving his money. A "prevailing party" does not include a plaintiff who achieves his desired result because he files a lawsuit that brings about a voluntary change in the defendant's conduct. See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res., 532 U.S. 598, 600 (2001).

Tubbs has not shown that the district court erred in dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). See Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). The judgment is therefore AFFIRMED.