**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 24, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10052
Summary Calendar
_____

LAWRENCE A. STALER,

Plaintiff-Appellant,

versus

JASON D. NOVAK; RUSSELL B.
BOCKMAN; ALBERT A. STEVENS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02-CV-239
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lawrence Staler, Texas prisoner number 551815, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit for failure to state a claim upon which relief could be granted. We review the district court's dismissal of Staler's suit under the de novo standard. Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). "To plead a constitutional claim for relief under § 1983, [a plaintiff must] allege a violation of a right secured . . . by the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Constitution or laws of the United States and a violation of that right by one or more state actors." Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994). The actions of which Staler complains amount to no more than verbal insults and threats and thus do not establish a violation of his constitutional rights. Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002).

Because Staler has not shown a violation of his constitutional rights, which is an essential element of a 42 U.S.C. § 1983 suit, he has not shown that the district court erred in dismissing his complaint for failure to state a claim. Johnson, 38 F.3d at 200. Accordingly, his appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). This dismissal of a frivolous appeal constitutes one strike against Staler for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal of his complaint. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). If one other district court action or appeal filed by Staler is dismissed as frivolous, he will be barred from bringing a civil action or appeal as a prisoner proceeding in forma pauperis unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS. 5TH CIR. R. 42.2. SANCTIONS WARNING ISSUED.