United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-21303
Conference Calendar

LISA R. KAY,

Plaintiff-Appellant,

versus

SUSAN JACOBSEN PERRET, also known as Jake Perret,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-3375
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lisa R. Kay, Texas prisoner # 707717, appeals the district court's dismissal of her 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Kay's letter to the clerk of May 14, 2003, has been construed as a motion for leave to file a supplemental brief. See FED. R. APP. P. 28; 5TH CIR. R. 28.5. Because it provides no new relevant argument or caselaw, this motion is denied.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court properly found that Kay's complaint, filed in September 2002, was time-barred. Kay was aware of the facts underlying her complaint as early as November 1996, when she sent a letter to the State Bar of Texas complaining of Perret's conduct. To the extent that Kay's complaint involves an allegedly fraudulent letter prepared by Perret in an attempt to conceal her misconduct, Kay acknowledges that she received a copy of this letter in 1998. We also conclude that Kay is not entitled to equitable tolling during the time she pursued a grievance against Perret with the State Bar of Texas; exhaustion of such a grievance was not a prerequisite to the filing of her complaint, and thus her grievance did not toll the limitations period. Accordingly, her claims against Perret are barred by the statute of limitations. See Owens v. Okure, 488 U.S. 235, 250 (1989); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2001) (two-year limitations period).

The district court also properly concluded that the complaint lacked merit because, as appointed counsel, Perret was not acting under color of state law for purposes of 42 U.S.C. § 1983 liability. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). The district court did not abuse its discretion in dismissing Kay's claim as frivolous. See Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).

MOTION TO FILE SUPPLEMENTAL BRIEF DENIED; AFFIRMED.