United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21313
Conference Calendar

_____

JUAN ANDRES GUERRA,

                                        Plaintiff-Appellant,

versus

RICHARD THALER; ROBERT GAYLOR;
BRIAN MARSHALL; PRISCILLA DALY;
KELLIE WARD,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-3231
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

        Juan Andres Guerra, Texas prisoner number 1016762, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights suit for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).  We review the district court's dismissal of Guerra's suit under the de novo standard.  <u>Black v. Warren</u>, 134 F.3d 732, 733-34 (5th Cir. 1998).

-------------------------

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"To plead a constitutional claim for relief under § 1983, [a plaintiff must] allege a violation of a right secured . . . by the Constitution or laws of the United States and a violation of that right by one or more state actors." Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994). To set forth a failure-to-protect claim, the inmate must show both that the conditions of his incarceration posed "a substantial risk of serious harm" and that prison officials exhibited deliberate indifference to his need for protection. Newton v. Black, 133 F.3d 301, 308 (5th Cir. 1998).

Guerra has not shown that the defendants acted with deliberate indifference for his safety, which is an element of a 42 U.S.C. § 1983 claim for failure to protect. He thus has not shown that the district court erred in dismissing his complaint for failure to state a claim. Accordingly, the judgment of the district court is AFFIRMED.