United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20436
Summary Calendar

_____

JEFFREY MACK CHAPIN,

Plaintiff-Appellant,

versus

JOE FERNALD, Senior Warden; ROBERT LOSACK, Lieutenant;
L. BELL, Correctional Officer III,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-4217
---------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jeffrey Mack Chapin, Texas prisoner #392982, appeals from
the district court's dismissal with prejudice of his civil-rights
lawsuit under 42 U.S.C. § 1983 alleging that defendants Senior
Warden Joe Fernald, Lieutenant Robert Losack, and Officer L. Bell
violated his constitutional rights.  A dismissal under 28 U.S.C.
§ 1915(e)(2)(B)(ii) for failure to state a claim upon which
relief can be granted is reviewed under the same de novo standard

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

as a dismissal under FED. R. CIV. P. 12(b)(6).  See Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).

Chapin argues that: (1) his constitutional arguments stated a claim upon which relief could be granted; (2) the district court erred by failing to explicitly deny his request for declaratory relief; (3) the district court erred by denying his requests for preliminary injunction and for leave to amend his complaint; (4) the district court erred by failing to order sua sponte proper medical care for Chapin; and (5) the district court erred by failing to rule in his favor based on allegations of a violation of the Americans with Disabilities Act.  He has also filed motions seeking to supplement the record and for appointment of a master on appeal.

Chapin has failed to show that he was deprived of a liberty interest or that the defendants exhibited deliberate indifference regarding Chapin's exposure to bleach.  See Sandin v. Conner, 515 U.S. 472, 484 (1995); Farmer v. Brennan, 511 U.S. 825, 837, 847 (1994).  Chapin has also failed to show that the district court erred regarding any of his remaining arguments.  Accordingly, the district court's judgment is AFFIRMED, and Chapin's motions on appeal are DENIED.

The district court's dismissal for failure to state a claim counts as one strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Chapin is warned that if he accumulates three strikes, he may not

proceed <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

AFFIRMED; MOTIONS DENIED; STRIKE WARNING ISSUED.