United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10299
Summary Calendar

_____

JOHN CRAIG PURVIS,

Plaintiff - Appellant,

versus

GARY L. JOHNSON, Director, Texas Department of
Criminal Justice, Institutional Division; JOSEPH
DOMINGUES, Warden; BENNY BROWN, Assistant
Warden; DANIEL WHITAKER, Captain; JAMES
GAMBRELL, Sergeant; DOUGLAS LOCKHART;
DENNIS MARKGRAF; JOHN SOLIS; ISRAEL I. REYNA;
LARRY GOUCHER,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(No. 2:01-CV-238)

_____

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth
in 5th Cir. R. 47.5.4.

John Craig Purvis, Texas state prisoner # 1002829, appeals the district court's dismissal of his civil rights lawsuit for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We vacate in part and affirm in part.

## I. STANDARD OF REVIEW

District courts may dismiss in forma pauperis prisoner civil rights suits if the court determines that the action does not state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). We employ the same de novo standard to review a § 1915(e)(2)(B)(ii) dismissal as we use to review a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). We must therefore assume that the plaintiff's factual allegations are true, and uphold dismissal "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

## II. DISCUSSION

Purvis first appeals the district court's dismissal of his claim against prison officials for failing to protect him from a threatening cell mate. Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). Not every injury suffered by a prisoner at the hands of another, however, rises to the level of a constitutional violation. Id. at 834. A prisoner must show that he was incarcerated under conditions posing a "substantial risk of serious harm", and that the prison official's state of mind was one of "deliberate

2

indifference" to the prisoner's health or safety. Id.; Newton v. Black, 133 F.3d 301, 308 (5th Cir. 1998).

The district court's dismissal of the failure-to-protect claim was based solely on Purvis' failure to allege facts in the pleadings demonstrating the "deliberate indifference" of prison officials. "Deliberate indifference" is a question of fact, and may be proved from circumstantial evidence. Id.; see also Olabisiomotosho v. City of Houston, 185 F.3d 521, 528 (5th Cir. 1999). "In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Newton, 133 F.3d. at 308.

Upon review of the pleadings, we find that Purvis alleged facts sufficient to establish that officials were aware of the facts from which the inference could be drawn that Purvis faced a substantial risk of serious harm. For example, Purvis' amended complaint states that he informed prison officials through four separate I-60s, over an eight-day period, that his cell mate was "raci[st] and threatening [him] everyday because [he] was white" and "bull[y]ing [him] while in [their] cell." His I-60 to Warden Joseph Domingues stated that his cell mate:

> [H]as no respect for anything or anyone and due to his size, . . . he scares me.
> I've tried to talk to him but his attitude is "I'll beat the whole dorm's ass."
> Will you please move me or him before something happens to me[?]

Purvis' I-60 to Captain Daniel Whitaker stated that the situation was "a major problem that I feel could turn ugly unless someone helps me."

Moreover, the pleadings allege facts sufficient to establish that prison officials

actually drew the inference that Purvis faced a substantial risk of serious harm. For instance, the amended complaint states:

> During the month of February 2001 and the first part of March 2001, while plaintiff was in route to the cafeteria or other unit functions[,] plaintiff tried to speak to Dennis Markgraf (Lieutenant), John Solis (Sergeant), Israel Reyna (Sergeant), [and] Larry Goucher (Sergeant), concerning the issues and the danger at hand and that plaintiff was in fear of attack . . . . But their response was that [sic] they either didn't want to hear it or they were just plain out not interested[.] Lieutenant Markgraf told me[, "]Inmate, shut the f--- up and go back to your building[."] Sergeant Solis reponded with "Oh what you scared inmate.["] Sergeant Reyna and Sergeant Goucher . . . would not even listen.

These facts, if taken to be true, establish that prison officials were deliberately indifferent to the substantial risk of serious harm posed by housing Purvis with Jones. Thus, the district court's dismissal of Purvis' failure-to-protect claim was improper.

Purvis also appeals the district court's adoption of the magistrate's finding that he failed to state a claim that Officer James Gambrell obstructed the post-assault investigation. Although Purvis describes the numerous physical injuries he sustained from the actual assault, he does not allege that he suffered a physical injury as a result of Gambrell's post-assault conduct. Because "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury," 42 U.S.C. § 1997e(e), we affirm the district court's dismissal of this claim.

Purvis also appeals the district court's dismissal of his claim that Warden Joseph Domingues failed to conduct sufficient post-assault interviews in accord with the consent

decree issued in Lamar v. Coffield, Civil Action No. 72-H-1393 (S.D. Tex. July 1977).[2] Remedial decrees, however, cannot serve as a substantive basis for a claim of damages under § 1983. Green v. McKaskie, 788 F.23d 1116, 1123 (5th Cir. 1986) ("[R]emedial decrees are the means by which unconstitutional conditions are corrected, but . . . they do not create or enlarge constitutional rights."). Thus, the district court properly dismissed this claim for failure to state a claim upon which relief can be granted.

Purvis' appellate brief does not address the district court's dismissal of his claim against Director Gary Johnson. Purvis has thus abandoned his right to appeal this issue. See Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

## III. CONCLUSION

The district court's dismissal of the failure-to-protect claim is VACATED, and the claim is REMANDED for further consideration. The district court's dismissal of the claim against Gambrell for obstruction of an investigation, the claim against Domingues for not conducting a post-assault interview, and the claim against Johnson for failure-to-supervise is AFFIRMED.

---

[2] Lamar was a class action filed in the early 1970s that resulted in a consent decree to prevent racial segregation in Texas prison facilities.