# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-60340
Summary Calendar

CLYDE ISOM,

Plaintiff-Appellant

v.

THE GEO GROUP INC; LEPHER JENKINS, Warden; JOHN SMITH, Sergeant,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:07-CV-17

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Clyde Isom, Mississippi prisoner # R6243, appeals the dismissal of his pro se 42 U.S.C. § 1983 suit seeking compensatory damages for a chemical burn to his back caused by a defective "backpack spray gun" which he was operating while under defendant John Smith's supervision. The district court dismissed Isom's in forma pauperis (IFP) suit sua sponte for failure to state a claim upon which relief could be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

A district court's decision to dismiss a complaint pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim is reviewed under the same de novo

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Vanderbrook v. Unitrin Preferred Ins. Co.* (*In re Katrina Canal Breaches Litigation*), 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1230 *and* 128 S. Ct. 1231 (2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

Isom argues that the district court erred by dismissing his suit because the defendants' failure to provide him with safe equipment violated his due process rights. However, as the district court held, the defendants may not be held liable for their alleged negligent acts under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.").

Isom also contends that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. Isom has not alleged that the defendants were aware that his backpack was defective; he has failed to allege that defendants were aware of any facts from which an inference of risk to his health could be drawn. His Eighth Amendment claim is thus not plausible on its face. *See Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205.

The district court's dismissal of Isom's § 1983 suit for failure to state a claim counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996). Isom is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED.