# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30859
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2015

Lyle W. Cayce
Clerk

PETER EUGENE HALEY,

Plaintiff-Appellant

v.

NATCHITOCHES PARISH DETENTION CENTER; VICTOR E. JONES, JR.;
DEAN DOVE; MRS. HILL; MRS. LEWIS; CALVIN K. MCFERRIN; MISS
PITT; CAPTAIN TURNER,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CV-2742

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Peter Eugene Haley, Louisiana prisoner # 494000, appeals the dismissal
of his pro se 42 U.S.C. § 1983 complaint against Natchitoches Parish Detention
Center, Victor E. Jones, Jr. (Sheriff of Natchitoches Parish), and prison
employees. Haley asserted that the defendants violated his constitutional

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

rights by denying him access to the law library, interfering with his legal mail, mishandling his grievance complaints, and retaliating against him.

Haley's complaint was dismissed for failure to state a claim upon which relief may be granted. Therefore, review is de novo. *See Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

On appeal, Haley only challenges the district court's determination that he failed to state a claim against the defendants for violating his constitutional right of access to the courts. Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to brief an argument challenging the district court's reasons for determining that he failed to state a claim with regard to his other allegations, Haley has abandoned any such challenge. *See id.*; *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In his amended complaint, Haley asserted that his constitutional right of access to the courts was violated because he was denied access to the law library. He also communicated that he was represented by counsel at all relevant times in question; but, he asserted that although he was represented by counsel, the lack of access to the law library interfered with his right to assist appointed counsel with his cases. Haley makes these same contentions on appeal.

This court has held a criminal defendant's right of access to the courts is not infringed if he is represented by counsel. *See Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir. 1981). "As long as a criminal defendant is represented by counsel, he will be able to present matters for decision to the court through motions filed by his attorney." *Id.* Because Haley admitted that he was represented by counsel in all his criminal matters at all pertinent times in

No. 14-30859

question, his allegations do not state a claim that his right of access to the courts was violated.

Additionally, the district court determined that Haley's complaint failed to state a claim for the denial of access to the courts because Haley did not demonstrate that his position as a litigant was actually prejudiced. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). On appeal, Haley does not address or identify any error in the determination that he did not show injury arising from the actions or inactions of the defendants. By failing to brief this issue, Haley has abandoned it on appeal. *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748. As Haley's case does not present "exceptional circumstances," his request for the appointment of counsel is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

**AFFIRMED.**