# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20705
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2017

Lyle W. Cayce
Clerk

LARRY DON LANGS,

> Plaintiff–Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; TRACY H. BAILEY, WARDEN, CORRECTIONAL INSTITUTIONS DIVISION ESTELLE UNIT; MAJOR GREGORY M. VAUGHN; UNIVERSITY OF TEXAS MEDICAL BRANCH PRISON CARE PROVIDER, Doctor and PA care givers,

> Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3028

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

In October of 2014, Larry Don Langs, Texas prisoner # 1688906, proceeding pro se and in forma pauperis (IFP), filed a 42 U.S.C. § 1983 civil rights complaint alleging that he was denied medical care, forced to work

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

despite being found disabled by the Social Security Administration, and was improperly disciplined for refusing to work; he also briefly invoked the Americans with Disabilities Act (ADA).  After reviewing Langs's complaint, answers to the order for a more definite statement, the supplement to the complaint, and the materials attached to the various pleadings, the district court concluded that all three claims were frivolous and sua sponte dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A dismissal of an IFP complaint under § 1915(e)(2)(B)(i) as frivolous is reviewed for abuse of discretion.  *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).  A complaint filed IFP "is frivolous if it lacks an arguable basis in law or fact."  *Id.* at 734.

Although the district court provided detailed, cogent reasons for dismissing each of Langs's claims with citation to relevant authorities, Langs does not directly address those reasons in his brief.  Instead, he simply asserts the same arguments raised in the district court.  Moreover, Langs cites to no legal authority and nothing in the district court record.

Although this court applies "less stringent standards to parties proceeding pro se than to parties represented by counsel" and liberally construes the briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28.  *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam); *see also Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (stating that pro se appellants must brief arguments in order to preserve them).  By failing to make any argument relating to the district court's specific rulings on his three civil rights claims, the district court's failure to address his ADA claims, or the denial of his motion for reconsideration of those issues, Langs has abandoned

No. 15-20705

those issues. *Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is AFFIRMED. Langs's motion for appointment of counsel is DENIED.