# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2021

Lyle W. Cayce
Clerk

No. 19-10156
Summary Calendar

IVAN VETCHER,

*Plaintiff—Appellant*,

*versus*

IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), *Supervisors*; DUSTY ROWDEN, *ICE Deportation Officer*; FNU ASHLEY, *Detention Officer at Rolling Plains Regional Jail Detention Center*; MARCELLO VILLEGAS, *Warden, Rolling Plains Regional Jail Detention Center*; ICE OFFICERS, LNU/FNU; JEH C. JOHNSON, *Secretary of Department of Homeland Security*; PHILIP T. MILLER, *Assistant Director of Field Operations for Enforcement and Removal Operations*; FNU HERNANDEZ, *Detention Officer at Rolling Plains Regional Jail Detention Center*; FNU ROSS, *Detention Officer at Rolling Plains Regional Jail Detention Center*; ICE AGENTS, LNU/FNU, ICEA1; ICE AGENTS, LNU/FNU, ICEA2; ROLLING PLAINS REGIONAL JAIL & DETENTION CENTER STAFF; UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *Supervisors*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
No. 1:16-CV-164

Before KING, SMITH, and WILSON, *Circuit Judges.*

PER CURIAM:*

Ivan Vetcher, former immigration detainee #A079570472, filed a civil action raising claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He sought declaratory and injunctive relief and compensatory and punitive damages. Vetcher alleged that he was denied access to the courts; the defendants retaliated against him for the exercise of his rights; he was denied his right to communication; he was denied religious rights; he was subject to punitive treatment during his civil detention; he was subject to cruel and unusual punishment; and some of the defendants used excessive force against him. He asserted that the defendants were liable to him in their individual and official capacities.

Except for the claims against Rowden and Villegas regarding alleged retaliatory transfers, the district court dismissed all of Vetcher's claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief and certified the partial judgment as final under Federal Rule of Civil Procedure 54(b). Vetcher filed a motion to amend the judgment under Federal Rule of Civil Procedure 52(b) and a motion to amend the complaint under Federal Rule of Civil Procedure 15. His motions were denied, and he appeals.

In Vetcher's notice of appeal, he indicated the intent to appeal the order denying his Rule 52 motion and his Rule 15 motion and also asserted that the district court improperly dismissed his claims relating to the denial of access to courts, which were addressed by the district court in its earlier ruling. Thus, the issues raised in those motions, including the denial of access to courts, are properly within the scope of the appeal. *See Williams v. Henagan*, 595 F.3d 610, 616 (5th Cir. 2010).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-10156

In his appellate brief, Vetcher also challenges the dismissal of his claims relating to punitive treatment in civil confinement, retaliation, and cruel and unusual punishment. Those claims were dismissed by the district court in its partial final judgment. Thus, in light of the liberal construction given to Vetcher's notice of appeal and brief, those issues are properly before this court. *See id.* at 616–18.

Vetcher contends that the district court erred in denying his post-judgment motion to amend. Because Vetcher had previously amended his complaint at least once, and because a partial final judgment had issued, he was not eligible to amend his complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Vetcher's post-judgment motion to amend the complaint is treated as a motion under Federal Rule of Civil Procedure 59(e). *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). We review the denial of the Rule 59(e) motion for abuse of discretion in light of the limited discretion in Rule 15(a). *See id.* Because Vetcher's motion to amend contained facts and arguments that he reasonably could have raised before dismissal, he has not shown that the district court abused its discretion in denying that motion. *See Rosenzweig*, 332 F.3d at 865; *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000).

The remaining claims on appeal challenge the dismissal of Vetcher's claims that he was denied access to courts; he was subjected to retaliation in the form of a disciplinary action and a cancelled family visit; he was subjected to punitive confinement in a civil environment; and he was subjected to cruel and unusual punishment. We review the dismissal *de novo* and apply the same standard of review to dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) as for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998).

Assuming that *Bivens* is applicable in the context of Vetcher's claims

3

regarding the denial of access to courts and retaliation, he failed to state a claim for relief. *See Petzold v. Rostollan*, 946 F.3d 242, 252–54 (5th Cir. 2019). Vetcher's conclusory assertions that the law library was inadequate and that he lacked the proper assistance do not show an actual injury necessary for a claim of denial of access to courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Regarding his retaliation claim, he raises conclusory arguments that he received a harsher punishment than normal for his disciplinary violation, and he attempts to refute the district court's finding that the family visit was cancelled because his stepdaughter violated the rules of the detention facility by stating that her rule violation was irrelevant. These arguments fail to show error in the district court's analysis. Vetcher makes no showing of retaliatory intent. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

The district court found that Vetcher's claims of punitive confinement were subject to dismissal because they involved private employees and not federal actors and were therefore barred in a *Bivens* action under *Minneci v. Pollard*, 565 U.S. 118, 125–30 (2012). The court further determined that Vetcher had failed to demonstrate that the conditions were intended to be punitive.

In his brief, Vetcher does not address the district court's findings. Instead, he merely reasserts that he was subject to these conditions. Accordingly, he has waived any challenge to the district court's determination. *See Brinkmann v. Dall. Cnty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Vetcher's appellate assertions of cruel and unusual punishment relate to defendants who were not named in the district court. We will not consider claims raised against new defendants on appeal. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc.*, 200 F.3d 307, 316–17 (5th Cir. 2000) ("It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered."). To the extent Vetcher is

renewing a claim against a government entity, his claim is barred. *See Moore v. U.S. Dep't of Agric. on Behalf of Farmers Home Admin.*, 55 F.3d 991, 995 (5th Cir. 1995).

Vetcher does not challenge the severance and transfer of the claims relating to his deportation in New York, claims against the defendants in their official capacities, or claims against the defendants in their individual capacities that the court found were barred under *Bivens*. He further fails to renew any claims under the Administrative Procedure Act or his request for injunctive and declaratory relief. Vetcher does not aver that he was subjected to a polluted water supply, that he was denied his religious rights, or that he was subjected to excessive force. Thus, those claims are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1983).

The judgment is AFFIRMED.