# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 1, 2021

Lyle W. Cayce
Clerk

No. 21-20143
Summary Calendar

Marcus Quin Butler,

*Plaintiff—Appellant*,

*versus*

Linda Anderson,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:21-CV-21

Before Smith, Stewart, and Graves, *Circuit Judges.*
Per Curiam:*

Marcus Butler, Texas prisoner #42292, proceeding *in forma pauperis*, filed this 42 U.S.C. § 1983 civil rights action against Linda Anderson, the property manager at the Ferguson Unit of the Texas Department of Criminal Justice, alleging that Anderson lost his property. We review *de novo* the dis-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

missal of the complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998).

Butler alleged that his property was lost because Anderson failed to follow the prison policy to store, tag, and safeguard it as required when he left the Ferguson Unit. The allegations concerning the prison official's actions are exactly the type of random and unauthorized conduct to which the *Parratt/Hudson* doctrine was designed to apply. *See Parratt v. Taylor*, 451 U.S. 527, 541–44 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Under Texas law, the initial postdeprivation remedy for property loss occasioned by prison employees is through an administrative grievance. *See* TEX. GOV'T CODE § 501.007. Butler has not shown that his administrative remedy under section 501.007 was inadequate. The district court did not err in dismissing the complaint for failure to state a claim. *See Black*, 134 F.3d at 733–34.

The appeal is without arguable merit and is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983).