# United States Court of Appeals for the Fifth Circuit

————————

No. 25-10913
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2026

Lyle W. Cayce
Clerk

Gordon Ray Lewis,

*Plaintiff—Appellant*,

*versus*

Ryan Sinclair, *Hood County District Attorney*,

*Defendant—Appellee*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CV-553

————————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Gordon Ray Lewis, Texas prisoner # 01877921, filed a 42 U.S.C. § 1983 complaint alleging that District Attorney Ryan Sinclair had denied him access to evidence needed for additional DNA testing, thus depriving him of due process. The district court allowed Lewis to amend his complaint. However, even with the benefit of an amended complaint, the

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10913

district court determined that Lewis had not alleged sufficient facts to state a plausible claim that his due process rights had been violated. Thus, the district court dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Our review is de novo. *See Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). Dismissal is appropriate where a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We agree with the district court that Lewis's complaints contained only conclusory assertions that the denial of DNA testing violated his due process rights. Thus, Lewis has failed state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678.

The judgment of the district court is AFFIRMED.