# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2009

Charles R. Fulbruge III
Clerk

No. 09-40528
Summary Calendar

SHAWN K. ODNEAL,

Plaintiff-Appellant

v.

R. HINOJOSA, Correctional Officers; C. PUENTIS, Captain,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CV-70

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Shawn K. Odneal, Texas prisoner # 917382, appeals the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim on which relief may be granted) and § 1915A(b)(1) (frivolous, malicious, or failure to state a claim upon which relief may be granted). In that regard, Odneal's punishments of 45 days

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of recreation restriction, 45 days of commissary restriction, and demotion in time-earning class were held not to implicate his due process rights, according to *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Odneal maintains *Sandin* could not be relied upon because he was found guilty in a disciplinary hearing without any evidence of guilt and not given a written statement of the evidence.

A § 1915(e)(2)(B)(ii) dismissal is reviewed *de novo*. *E.g.*, *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). In *Sandin*, the Court held: a prisoner's protected liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life". *Sandin*, 515 U.S. at 484 (internal citations omitted). Along that line, punishments such as loss of recreation and commissary privileges, cell restriction, and change in time-earning status do not implicate due process concerns. *See Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Therefore, Odneal's punishments "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest". *Sandin*, 515 U.S. at 486 (involving disciplinary segregation for 30 days as punishment for violating prison disciplinary rules).

Odneal has not identified a constitutionally protected liberty interest. In short, his claims of due process violations at his hearing, even if true, failed to state a claim for relief under § 1983. Accordingly, he has not shown that the district court erred in dismissing his due process claims for failure to state a claim.

Further, Odneal's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the district court's dismissal for failure to state a claim each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Odneal is cautioned that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.