# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10654

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2015

Lyle W. Cayce
Clerk

JOSE LEONEL PORTILLO-MEZA,

Plaintiff-Appellant

v.

GARLAND POLICE DEPARTMENT, Garland, Texas; NFN OWENS, Officer, Garland Police Department; NFN MAAS, Officer, Garland Police Department,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-1024

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Leonel Portillo-Meza moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 action. In his complaint, Portillo-Meza alleged that the defendants illegally arrested him based on false accusations of domestic violence and that, as a result, he suffered over $200,000 in business losses. The district court dismissed Portillo-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10654

Meza's action as frivolous, denied his motion for leave to proceed IFP on appeal, and certified that the appeal was not taken in good faith.

By moving to proceed IFP in this court, Portillo-Meza is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Portillo-Meza argues that the district court failed to consider that the defendants initially arrested him for domestic violence without a warrant and that, once the allegations of domestic violence proved to be false, the officers charged him with failure to identify as a fugitive simply to avoid any complaints of racial discrimination or other constitutional violations. Additionally, he argues that he suffered business losses due to the unlawful arrest and not due to his subsequent, valid convictions and imprisonment for failure to identify and illegal reentry.

Portillo-Meza has not shown that the district court's dismissal of his § 1983 action as frivolous constituted an abuse of discretion, *see Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998), or that his appeal involves any arguably meritorious issues, *see Howard*, 707 F.2d at 220. Even if Portillo-Meza had established a constitutional violation, his allegation that he suffered $200,000 in business losses due to his initial arrest for domestic violence rather than due to his subsequent, valid convictions and imprisonment for failure to identify and illegal reentry "rise[s] to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Murray v. Earle*, 405 F.3d 278, 290 (5th Cir. 2005).

2

No. 14-10654

Accordingly, we DENY his motion and DISMISS his appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  Both our dismissal and the district court's dismissal count as strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Portillo-Meza is CAUTIONED that, if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." *See* § 1915(g).  Portillo-Meza is also WARNED that, as a non-prisoner, any future frivolous filings will subject him to sanctions.