# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30323
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2017

Lyle W. Cayce
Clerk

JESSIE LEE PERRY,

Plaintiff-Appellant

v.

ANTHONY ALLEMAND, Security Warden; KRYSTLE SIMON, Programs Manager; ALLEN CORRECTIONAL CENTER; KEITH COOLEY, WARDEN; JAMES M. LEBLANC, Secretary of Department of Corrections; GEO GROUP, INCORPORATED,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:14-CV-3090

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jessie Lee Perry, Louisiana prisoner # 109014, proceeding in forma pauperis (IFP), filed this 42 U.S.C. § 1983 action against Allen Correctional Center Assistant Warden Anthony Allemand, Warden Keith Cooley, Officer Krystle Simon, GEO Group, Inc., and Louisiana Department of Corrections

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30323

Secretary James LeBlanc.  Perry alleged that the defendants violated his Fourteenth Amendment due process and equal protection rights because, before returning to the general inmate population after completing a disciplinary punishment, he was required by the administrative segregation review board to wear a red and white striped jumpsuit for 30 days, be placed on a special tier in Jupiter Unit for six months, and have his contact visitation privileges taken away for an additional six months because this was his third conduct report.  The district court dismissed Perry's complaint with prejudice as frivolous and for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

An in forma pauperis complaint may be dismissed as frivolous pursuant to § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact.  *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  Such dismissals as frivolous are reviewed for abuse of discretion.  *Id.*  A dismissal for failure to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is reviewed under the same de novo standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).  "When a district court dismisses a complaint both as frivolous and as failing to state a claim under §§ 1915(e)(2)(B)(i) & (ii), we review the dismissal de novo."  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

The additional sanctions of which Perry complains, being required to wear a particular jumpsuit for 30 days, being housed in a special tier for six months, and having contact visitation privileges taken away for six months, do not impose the type of atypical and significant hardship that would give rise to a liberty interest protected by the Due Process Clause.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

2

No. 16-30323

Perry's real complaint is that according to the rules and regulations governing the prison, the administrative segregation review board, as opposed to the original disciplinary board, allegedly did not have the authority to impose additional sanctions when it reviewed his case and determined whether and under what conditions Perry could be released from administrative segregation and returned to the general population. Perry is not constitutionally entitled to have the prison follow its own rules. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989).

As for his claim of a denial of equal protection, Perry does not contend that he is a member of a protected class for equal protection purposes. Rather, he asserts that he was singled out. An equal protection claim may be brought by a "class of one" if the plaintiff alleges that there was intentionally different treatment of other similarly situated persons and that there was no rational basis for the different treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000). "[A]bsent any allegation of improper motive, a mere claim of inconsistent outcomes in particular, individual instances furnishes no basis for relief based on the denial" of equal protection. *Thompson v. Patteson*, 985 F.2d 202, 207 (5th Cir. 1993). Perry has not alleged any improper motive by the defendants.

The district court did not err in dismissing Perry's complaint as frivolous and for failure to state a claim. *See Black*, 134 F.3d at 733-34; *Geiger*, 404 F.3d at 373; *Samford*, 562 F.3d at 678.

Perry's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2. Perry is informed that the dismissal of this appeal as frivolous and the district court's dismissal count as strikes for

purposes of § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Perry is WARNED that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.