# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50453
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2018

Lyle W. Cayce
Clerk

MICHAEL L. PRICE,

Plaintiff-Appellant

v.

JUDGE BOBBY L. CUMMINGS; DISTRICT ATTORNEY DUSTY BOYD; DISTRICT ATTORNEY PHILLIP ZEIGLER; DISTRICT CLERK JANICE GRAY; FRANK B. PRICE; SHERIFF JOHNNY BURKS,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:17-CV-60

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Michael L. Price, Texas prisoner # 521845, filed this 42 U.S.C. § 1983 civil rights complaint against Judge Bobby L. Cummings; District Attorneys Dusty Boyd and Phillip Zeigler; Attorney Frank Price; District Clerk Janice Gray; Sheriff Johnny Burks; unnamed district court clerks and deputy clerks, court reporters, and deputy sheriffs; and the "Director of TDCJ Senior Warden

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50453

W.P. Clements Unit" in their individual capacities, alleging that his conviction, judgment, and sentence were illegal and unconstitutional because they were based on a "void" indictment and that the defendants had violated Texas law and procedures. Price sought as relief immediate release from confinement; expungement of his sentence, judgment, and conviction; and monetary damages in the amount of $100,000,000.

The district court concluded that Price's complaint was frivolous and dismissed his claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The district court determined that Judge Cummings was entitled to absolute judicial immunity; that the district attorneys were entitled to absolute prosecutorial immunity; that attorney Frank Price was not alleged to be a state actor; that Price had alleged no personal involvement on the part of District Clerk Janice Gray, Sheriff Johnny Burks, any other unnamed clerks or sheriffs, or the Senior Warden of W.P Clements Unit; and that his claims for money damages were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The district court noted that to the extent Price sought release from confinement and expungement of his conviction and sentence, Price could seek such relief in an application for habeas corpus after exhaustion of his state remedies.

A district court must sua sponte dismiss an IFP § 1983 complaint if the action is malicious or frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from suit. § 1915(e)(2)(B). A dismissal as frivolous under § 1915(e)(2)(B) is reviewed for an abuse of discretion. *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998).

Price argues that he sued the defendants in their individual capacities so as to overcome any claim of Eleventh Amendment immunity. He contends that the defendants could never have acquired immunity because his

2

indictment was void, defective, and unconstitutional because state laws were violated. Price's arguments concerning Eleventh Amendment immunity are misplaced because the district court did not rely on Eleventh Amendment immunity to dismiss his claims. Price's assertion that he never alleged that Frank Price was a state actor confirms the correctness of this aspect of the district court's ruling. Price's arguments in his original brief do not address the other aspects of the district court's ruling concerning no personal involvement by the other named defendants, the *Heck* bar, or the requirement to seek habeas relief.

Pro se briefs are afforded liberal construction. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Price has failed to challenge any legal aspect of the district court's disposition of the claims raised in his complaint, he has abandoned the critical issues of this appeal. *See Brinkmann*, 813 F.2d at 748. Because Price's appeal presents no legal points arguable on their merits, the appeal is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Price has filed numerous motions to file supplemental briefs and motions seeking other relief. These motions seek relief which this court has no power to grant, and the supplemental briefs add nothing of relevance to the arguments raised in Price's original brief as they pertain to the district court's dismissal of his § 1983 claims. All outstanding motions are DENIED.

We hereby inform Price that the dismissal of this appeal as frivolous counts as a strike for purposes of § 1915(g), in addition to the strike for the district court's dismissal. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64

No. 17-50453

(2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Price also has at least two previous strikes based on the dismissal as frivolous by the district court in *Price v. Caroll*, No. 6:17-cv-59 (W.D. Tex. Apr. 10, 2017), and our dismissal as frivolous of his appeal from that judgment, which we issue simultaneously today (No. 17-50337).  *See Coleman*, 135 S. Ct. at 1763.

Because Price has now accumulated at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).  Price is further warned that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.

MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.