United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-31067
Conference Calendar

_____

RAYFIELD JOSEPH THIBEAUX,

                                        Plaintiff-Appellant,

versus

CHARLES FULBRUGE, III; THOMAS B. THOMPSON,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:03-CV-1271
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Rayfield Joseph Thibeaux appeals the district court's dismissal of his civil rights complaint in which he alleged that federal officials denied him the constitutional right of access to the courts.

     Thibeaux does not set forth argument citing to the record and fails to identify error in the district court's determinations and conclusions. When an appellant fails to identify error in the district court's decision, it is as if the appellant had not appealed that judgment. See Brinkmann v.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir.
1987).  Additionally, Thibeaux's allegations of constitutional
violations are conclusional and he fails to provide a coherent
statement of the law governing his claims.  He therefore has
failed to comply with FED. R. APP. P. 28(a)(9), which requires
that the brief contain an argument, with "contentions and the
reasons for them, with citations to the authorities and parts of
the record on which the appellant relies" and "for each issue, a
concise statement of the applicable standard of review."  See
Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Thibeaux's
appeal is therefore DISMISSED as frivolous.  See 5TH CIR. R. 42.2;
Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Thibeaux provides a one-sentence request for the appointment
of an attorney and a one-sentence request that this court remand
the case to the district court.  Thibeaux has also filed a motion
seeking Government assistance, in which he asserts that he is now
living in a hostile environment since he filed this lawsuit and a
prior lawsuit.  Thibeaux's motions do not comply with FED. R. APP.
P. 27(a)(2), which requires that a motion state with
particularity the grounds for the motion, the relief sought, and
the legal argument necessary to support it.  All of his
outstanding motions are DENIED.

Thibeaux has previously had at least two appeals dismissed
as frivolous.  See Thibeaux v. Jackson, No. 99-20657, slip op.,
passim (5th Cir. December 28, 1999) (unpublished) and Thibeaux v.

<u>Texas Dep't of Criminal Justice</u>, No. 99-10495, slip op., <u>passim</u> (5th Cir. December 16, 1999) (unpublished).  Accordingly, Thibeaux is WARNED that any future frivolous pleadings filed by Thibeaux in this court or in any court subject to the jurisdiction of this court will subject Thibeaux to sanctions. Thibeaux should review any pending matters to ensure that they are not frivolous.

APPEAL DISMISSED AS FRIVOLOUS; ALL OUTSTANDING MOTIONS DENIED; SANCTIONS WARNING ISSUED.