# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2011

No. 10-20827
Summary Calendar

Lyle W. Cayce
Clerk

RAYFIELD J. THIBEAUX,

Plaintiff-Appellant,

versus

BURL CAIN, Warden, Dixon Correctional Institute;
TOM DESPORT, Psychologist, Eastern Louisiana Mental System;
UNKNOWN PSYCHIATRIST;
RICHARD DALTON, M.D.,
Medical Director Eastern Louisiana Mental Health Systems,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:10-CV-4293

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-20827

Rayfield Thibeaux moves to proceed *in forma pauperis* ("IFP") in his appeal of the dismissal with prejudice of his *pro se* 42 U.S.C. § 1983 complaint. He argues that the defendants have wrongfully refused to accept service and that he is in imminent danger of bodily harm because he cannot disconnect a wire that the defendants have implanted into his body, which he contends is being used to monitor him. He also seeks the appointment of counsel and moves for expedited consideration of his motions.

A movant for leave to proceed IFP on appeal must show that he is a pauper and that the appeal is taken in good faith in that it presents nonfrivolous issues. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(1). Although Thibeaux has filed an affidavit of poverty that indicates that he qualifies for IFP status, his allegations are fantastic, delusional, and wholly incredible, so they lack an arguable basis in fact and are frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The district court thus did not abuse its discretion when it dismissed Thibeaux's claims. *See* § 1915(e)(2)(B)(i); *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

The appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. All outstanding motions are DENIED. Because Thibeaux has a history of filing frivolous appeals, *see Thibeaux v. Fulbruge*, 102 F. App'x 392, 393 (5th Cir. 2004), he is warned that any future frivolous pleadings filed by him in this court or in any court subject to the jurisdiction of this court will subject him to sanctions.