# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30457
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2019

Lyle W. Cayce
Clerk

RAYFIELD JOSEPH THIBEAUX,

Plaintiff-Appellant

v.

UNKNOWN PSYCHIARTIST, Eastern Louisiana Mental Health Systems; TOM DESPORT, Psychologist, Eastern Louisiana Mental Health Systems; BURL CAIN, Warden; UNKNOWN VAN BUREN, Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-314

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Rayfield Joseph Thibeaux moves to proceed in forma pauperis (IFP) in his appeal of the dismissal of his pro se complaint, in which he alleged that when he was incarcerated at the Dixon Correctional Institute the defendants implanted a monitoring device into his body. The district court dismissed his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), denied leave to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30457

proceed IFP, and certified that the appeal was not taken in good faith. Thibeaux has filed a motion seeking leave to proceed IFP on appeal and a motion for the appointment of counsel.

A movant for leave to proceed IFP on appeal must show that he is a pauper and that the appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Although Thibeaux has filed an affidavit of poverty that indicates that he qualifies for IFP status, his allegations are fantastic, delusional, and wholly incredible, so they lack an arguable basis in fact and are frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The district court therefore did not abuse its discretion when it dismissed Thibeaux's claims. *See* § 1915(e)(2)(B); *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

The appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. All outstanding motions are DENIED. The claims made by Thibeaux in the instant complaint are repetitive of claims that he made in another appeal that was dismissed as frivolous. *See Thibeaux v. Cain*, 425 F. App'x 399 (5th Cir. 2011). Additionally, Thibeaux has a history of filing frivolous appeals and he has been warned that filing frivolous appeals would result in sanctions. *See id.*; *Thibeaux v. Fulbruge*, 102 F. App'x 393, 393 (5th Cir. 2004). Because Thibeaux has previously been warned that future frivolous appeals would subject him to sanctions, a monetary sanction of $100 is IMPOSED, payable to the Clerk of this court. Until the sanction has been paid in full, he is BARRED from filing in this court or any court subject to the jurisdiction of this court any pleading relating to the subject matter at issue in this matter, unless he first obtains leave from the court in which he seeks to file such a pleading. Additionally, Thibeaux is WARNED that any future unauthorized, repetitive,

No. 18-30457

or frivolous filings in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.