# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2021

Lyle W. Cayce
Clerk

No. 20-30200
Summary Calendar

Rayfield Joseph Thibeaux,

*Plaintiff—Appellant*,

*versus*

Unknown Psychiatrist, *Eastern* Louisiana Mental Health Systems;
Tom Desport, *Psychologist, Eastern Louisiana Mental Health Systems*;
Darrel Vannoy, *Warden, Louisiana State Penitentiary*; Jason Kent,
*Warden, Dixon Correctional Institute*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CV-207

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Rayfield Joseph Thibeaux moves to proceed in forma pauperis (IFP)
in his appeal of the dismissal of his pro se complaint, in which he alleged that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

when he was incarcerated at the Dixon Correctional Institute the defendants implanted a monitoring device into his body. Thibeaux has filed a motion seeking leave to proceed IFP on appeal and a motion for the appointment of counsel, as well as other motions for protection and assistance.

A movant for leave to proceed IFP on appeal must show that he is a pauper and that the appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Although Thibeaux has filed an affidavit of poverty that indicates that he qualifies for IFP status, his allegations are fantastic, delusional, and wholly incredible, so they lack an arguable basis in fact and are frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Thibeaux has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). His motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. All other outstanding motions are DENIED.

The claims made by Thibeaux in the instant complaint are repetitive of claims he made in two other appeals that were dismissed as frivolous. *See Thibeaux v. Cain*, 425 F. App'x 399 (5th Cir. 2011); *Thibeaux v. Unknown Psychiatrist*, 751 F. App'x 573, 574 (5th Cir. 2019). In denying his motion for permission to proceed with this appeal in No. 20-90018, we noted the similarity of the allegations, noted their frivolity, and concluded that Thibeaux had not shown that he was raising a nonfrivolous issue. Despite this order, Thibeaux paid the sanctions in No. 18-30457 and sought to reopen this appeal and to proceed with a motion for IFP. Thibeaux has a history of filing frivolous appeals and he has been sanctioned and warned that filing frivolous appeals would result in sanctions. *See Thibeaux*, 751 F. App'x at

No. 20-30200

574; *Thibeaux*, 425 F. App'x at 399; *Thibeaux v. Fulbruge*, 102 F. App'x 392, 393 (5th Cir. 2004).

Because Thibeaux has failed to heed these warnings, IT IS FURTHER ORDERED that Thibeaux is SANCTIONED in the amount of $200 payable to the Clerk of this court. Until the sanction has been paid in full, he is BARRED from filing in this court or any court subject to the jurisdiction of this court any pleadings unless he first obtains leave from the court in which he seeks to file such a pleading. Additionally, Thibeaux is WARNED that any future unauthorized, repetitive, or frivolous filings in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions. Further, Thibeaux should review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive to avoid additional sanctions.