# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2021

Lyle W. Cayce
Clerk

No. 20-50415

Abel De Leon,

*Plaintiff—Appellant*,

*versus*

US Department of Justice; Merrick Garland, *U.S. Attorney General;* National Security Agency,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CV-52

Before Stewart, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Abel De Leon, federal prisoner # 07067-380, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 suit as frivolous. The district court denied De Leon's IFP motion and certified that the appeal was not taken in good faith.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50415

By moving to proceed IFP, De Leon challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

The dismissal of a claim as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) is reviewed for an abuse of discretion. *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Id.* at 734.

The motion and incorporated brief De Leon filed in this court do not address the district court's reason for determining that the appeal was frivolous, namely, that De Leon did not identify any legal basis that would permit the district court to grant the relief that he requested in his complaint. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Further, his allegations that the Government is purposefully withholding technology that would eliminate child pornography so it may prosecute offenders are without basis in fact. *See Nietzke v. Williams*, 490 U.S. 319, 327-28 (1989).

De Leon has failed to show that his appeal involves a nonfrivolous issue. *Howard*, 707 F.2d at 220 (internal quotation marks and citations omitted). Consequently, his motion to proceed IFP on appeal is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

This court's dismissal of the appeal as frivolous and the district court's dismissal of the complaint as frivolous count as strikes for purposes of § 1915(g). *See* § 1915(g); *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). De Leon is warned that if he accumulates three strikes, he will not be able to

No. 20-50415

proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; IFP MOTION DENIED; SANCTION WARNING ISSUED.