# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2021

Lyle W. Cayce
Clerk

No. 20-40349
Summary Calendar

Daniel G. Sanchez,

*Plaintiff—Appellant*,

*versus*

Candance R. Moore; Megan R. Thompson; Philip J. Sifuentes; Issac Kwarteng, *Medical Doctor*; Tanya Lawson,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CV-69

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Daniel G. Sanchez, Texas prisoner # 1288875, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim for relief. We

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40349

review de novo the district court's dismissal. *See Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Sanchez asserts that he was denied the right of access to courts when he was required to forfeit his remaining time in the law library after he used the restroom. Because Sanchez did not allege any specific instance when his ability to pursue his legal claims was hindered as a result of the restroom policy of the law library, he failed to state a claim for relief with respect to his claim of denial of access to courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Sanchez further complains that some of the defendants were deliberately indifferent to his serious medical needs because of the law library's restroom policy and because they refused to issue a medical pass for frequent urination. Sanchez has not alleged facts establishing that the law library restroom policy or the denial of a medical pass for frequent urination constitutes a health threat that gives rise to a claim of deliberate indifference. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

His conclusory assertions that Sifuentes was liable in his role as a supervisor because he did not get involved with the law library policies or the issuance of a medical pass do not establish an affirmative participation in the denial of his rights or the implementation of unconstitutional policies by Sifuentes. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

To the extent Sanchez raises new claims of equal protection violations and claims arising under the Americans with Disabilities Act, we will not consider them. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Finally, Sanchez fails to challenge the district court's determination that, to the extent he raised a due process claim, he failed to state a claim for relief. He also fails to challenge the dismissal of his

No. 20-40349

retaliation claims.  Accordingly, these claims are abandoned.  *See Brinkmann v. Dallas Cnty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The district court's judgment is AFFIRMED.  The dismissal of his complaint by the district court counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 535-39 (2015).  During the pendency of this appeal, another complaint filed by Sanchez was dismissed by the district court as frivolous and for failure to state a claim, resulting in a strike.  *Sanchez v. Thompson*, No. 2:21-CV-44 (S.D. Tex. Oct. 12, 2021) (unpublished).  Sanchez is WARNED that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).