# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2022

Lyle W. Cayce
Clerk

No. 22-50153
Summary Calendar

_____

Michael Jarrow,

*Plaintiff—Appellant*,

*versus*

Ashly Nunnery, *Licensed Vocational Nurse*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CV-1281

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Michael Jarrow, Texas prisoner # 2181127, appeals the 28 U.S.C. § 1915(e)(2)(B)(ii) dismissal of his 42 U.S.C. § 1983 suit for failure to state a claim upon which relief may be granted. Jarrow alleged that Nurse Ashly Nunnery violated his Eighth Amendment rights by being deliberately

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

indifferent to his medical needs, specifically by not providing care after Jarrow was exposed to chemicals during a use-of-force incident.

A district court shall dismiss a prisoner's civil rights complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. § 1915(e)(2)(B). Because the district court dismissed Jarrow's complaint for failure to state a claim, we review the dismissal de novo as we do for a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). A complaint will not proceed unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Jarrow generally argues that the district court erred in concluding that his claims for monetary damages against Nunnery in her official capacity were barred under the Eleventh Amendment. However, by stating his intention to appeal the issue without further argument, Jarrow has not briefed it properly, and we deem the issue abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Next, Jarrow attempts to counter the district court's conclusion that his claims for damages against Nunnery in her individual capacity were barred under 42 U.S.C. § 1997e(e) because he had not alleged a physical injury by complaining that he suffered from burning eyes for over seven hours on the day of the incident. Even if we assumed that he has alleged a physical injury, Jarrow has not stated a facially plausible claim of deliberate indifference as his challenges to Nunnery's care amount to negligence, malpractice, or a disagreement with treatment, which are not actionable under the Eighth Amendment. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Additionally, Jarrow argues that Taylor failed to adhere to prison policy when

she treated him, but that issue does not amount to a facially plausible claim of a constitutional violation. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

In light of the foregoing, the district court did not err in dismissing Jarrow's § 1983 suit for failure to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678. The judgment of the district court is AFFIRMED. The district court's dismissal of Jarrow's complaint counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534-41 (2015). In addition, Jarrow has incurred at least one other strike from a case out of the Western District of Texas. *See Jarrow v. Salazar*, No. 6:21-cv-1282 (W.D. Tex. 2022). Jarrow is CAUTIONED that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).