# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2023

Lyle W. Cayce
Clerk

No. 22-20323
Summary Calendar

Ruben Hernandez,

*Plaintiff—Appellant*,

*versus*

UTMB Galveston Hospital; UTMB Galveston Hospital
Staff; Dr. Michael Britt, *Medical Doctor*; Matthew
McCarley, *Medical Doctor*; Unknown Nurses; Jester III
Staff; Doctor Hulipas Edgar; Doctor Abram S.; M.
Beck, *Nurse Practitioner*; L. Onwukwe, *Nurse Practitioner*; Justin
Thomas, *P.M.*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-4377

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20323

Ruben Hernandez, Texas prisoner # 2175847, appeals the dismissal of his 42 U.S.C. § 1983 suit for failure to state a claim upon which relief may be granted. Hernandez alleged that the defendants were deliberately indifferent to his medical care, failed to provide him an adequate language interpreter during medical appointments, and violated his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and Rehabilitation Act (RA), 29 U.S.C. §§ 701-794.

Because the district court dismissed Hernandez's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), we review that ruling under the same de novo standard that applies to a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). "We accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013). Nonetheless, a complaint will not proceed unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Hernandez argues that the district court erred in dismissing his claims against Drs. Michael Britt and Matthew McCarly because he raised a plausible claim that they were deliberately indifferent to his medical needs before hip surgeries. He asserts that they should have prescribed him prophylactic antibiotics prior to the procedures because they were aware of his risk of infection. Hernandez also claims that this omission amounted to medical malpractice.

Additionally, Hernandez challenges the dismissal of his deliberate indifference claims against Drs. Abram and Hulipas. He contends that Dr. Abram violated his rights by not offering or prescribing Hernandez various medical supplies, such as a wheelchair or rollator. Hernandez claims

Dr. Hulipas was deliberately indifferent to Hernandez's medical needs by not prescribing requested pain medication and medical equipment.

The allegations against these doctors amount to negligence or a disagreement with treatment, which are not actionable under the Eighth Amendment. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Additionally, Hernandez's claim of medical malpractice is not actionable under the Eighth Amendment. *See Varnado*, 920 F.2d at 321.

Hernandez argues that the district court erred when it dismissed his claims under the ADA. He contends that the district court gave inadequate weight to the extent of defendants' failures to address his disability. Even assuming that Hernandez is correct that his hip injury and subsequent infection qualifies him for relief under the ADA, he has not stated a plausible ADA claim because a prerequisite to compensatory damages under the statute is a claim of intentional discrimination based upon a disability. Hernandez has only offered a bare assertion in that regard. *See Iqbal*, 556 U.S. at 678; *Delano-Pyle v. Victoria Cnty.*, 302 F.3d 567, 575 (5th Cir. 2002). Because Hernandez does not challenge the dismissal of his RA claim, he has abandoned that argument. *See Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In addition, Hernandez argues that the district court erred in dismissing his claim that the defendants violated his constitutional rights and Texas prison policy by denying him an effective interpreter. However, he fails to state an Eighth Amendment claim because he has not alleged deliberate indifference to his serious medical needs constituting an unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Moreover, Hernandez does not specify what medical decisions he would have made differently with another interpreter. These

speculative and bare assertions are insufficient to state a facially plausible claim for relief. *See Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, Hernandez's assertion that the defendants failed to provide an adequate interpreter in violation of prison policy does not state a claim of a constitutional violation. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Finally, Hernandez contends that the district court erroneously denied his requests for appointment of counsel. However, a review of the district court docket sheet and record does not reflect that Hernandez filed any such requests or motions. In any event, he has not demonstrated that exceptional circumstances warranted the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

AFFIRMED.