# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2026

Lyle W. Cayce
Clerk

No. 25-10612
Summary Calendar

Martin Onassis Goodson,

*Plaintiff—Appellant*,

*versus*

City of Dallas; City of Allen; Dallas Fire Department; Dallas Police Department; Methodist Hospital; Lew Sterrett Detention Center Officers; Katie Sprinkle, *Attorney*; Harold's Attorney, Name TBD,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:25-CV-816

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.
Per Curiam:[*]

Martin Onassis Goodson appeals the dismissal of his 42 U.S.C. § 1983 complaint alleging a multitude of federal and state law claims against several defendants stemming from his 2018 collision with a Dallas Fire Department

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

truck and his related hospitalization, interrogation, arrest, and eventual conviction and sentence for intoxication assault with a vehicle. *See* 28 U.S.C. § 1915(e)(2)(B).  The district court dismissed Goodson's federal claims on various bases, determining that (i) some were time barred or, alternatively, meritless, (ii) some were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), (iii) some were too conclusory to state an actionable claim for relief, and (iv) some were barred by quasi-judicial immunity.  The district court also declined to exercise supplemental jurisdiction over Goodson's state law claims, and it denied him leave to file a third amended complaint.  For the reasons that follow, we affirm.

As an initial matter, we do not reach the issue of equitable tolling, as the district court provided alternative, merits-based reasons for dismissing the otherwise time-barred claims, which Goodson fails to address. *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

As to his first issue on appeal, Goodson has not shown that the district court abused its discretion in dismissing various claims under *Heck*. *See Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998).  Goodson does not assert that his intoxication assault conviction or sentence has been vacated, reversed, expunged, or otherwise called into question. *See Heck*, 512 U.S. at 486-87.  And he fails to specifically address, and thus waives any challenge to, the district court's determination that a favorable finding on his Fourth Amendment, Fifth Amendment interrogation, Sixth Amendment, and general due process claims would necessarily imply the invalidity of his state conviction or sentence. *See id.*; *Procter & Gamble*, 376 F.3d at 499 n.1.  Moreover, Goodson shows no error in the district court's decision that a favorable finding on his two other claims—conspiracy to inhibit his trial defense and sentencing error and breach of the plea agreement with respect to his community supervision sentence—would necessarily imply the

invalidity of his intoxication assault conviction and sentence. *See Heck*, 512 U.S. at 478-90; *Black*, 134 F.3d at 734.

In addition, there is no merit to Goodson's contention on appeal that the district court failed to abide by its statutory duty to conduct a de novo review of the magistrate judge's findings, conclusions, and recommendations. *See* 28 U.S.C. § 636(b)(1). Rather, Goodson merely disagrees with the district court's ultimate decision to accept the magistrate judge's findings and conclusions.

Goodson also fails to show an abuse of discretion in the district court's denial of his motion for leave to file a third amended complaint, in which he sought to add a new claim of defamation against three media outlets. *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012). The district court determined that amendment would be futile because there is no § 1983 claim for defamation and, in any event, his proposed claims were *Heck* barred, too conclusory, and time barred. Goodson does not attempt to identify error in those findings, which is the same as if he had not appealed at all. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Finally, the district court properly dismissed Goodson's forgery-related claims against district court clerk's staff and state court clerk's staff. Goodson does not challenge the district court's decision that his claims against the federal clerk's staff are barred by absolute quasi-judicial immunity. *See id.* Nor does Goodson show error in the district court's determination that his claims against the state court clerk's staff are barred by *Heck* because a favorable finding on that claim would necessarily imply the invalidity of his state sentence. *See Heck*, 512 U.S. at 486-87; *Black*, 134 F.3d at 734.

AFFIRMED.